HINES & HOBBS, plaintiffs in error, *vs.* THE BRUNSWICK AND ALBANY RAILROAD COMPANY *et al.*, defendants in error.

Under the facts in the record, the decision of the Judge to whom the whole matter was submitted, refusing the compensation asked for, was not contrary to law, and there was no error in overruling the motion for a new trial.

New trial. Before Judge SCHLEY. Glynn Superior Court. November Term, 1873.

For the facts of this case, see the decision.

R. H. CLARK, for plaintiffs in error.

O. A. LOCHRANE; A. O. BACON; J. C. NICHOLS; MC-LAWS & GANAHL, for defendants.

TRIPPE, Judge.

Plaintiffs in error, as counsel for several creditors of the Brunswick and Albany Railroad, filed a bill to enjoin the sale of the road and its appurtenances, which had been levied on in detached portions by divers executions against the road. They were also counsel for the State of Georgia, who was also a party complainant to the bill, for the purpose of protecting whatever interest the State might have, arising out of the indorsement of certain bonds of the railroad company. Associated with them, as solicitors for the State, were several other attorneys. The railroad company was also a party complainant in obtaining the injunction. The State was finally dismissed from the bill, and all the creditors were made parties, including the first mortgage bondholders. The road was sold under a decree of Court, and by agreement of parties, several of the creditors, amongst whom were the clients of plaintiffs in error, were allowed to receive a considerable portion of the money arising from the sale, nearly $40,000 00 of which went into the hands of plaintiffs in error, as the share going to their clients. Messrs. Hines & Hobbs, plaintiffs in error, received their fees or commissions on this amount. The Court had also ordered $500 00 to be paid to each plaintiffs in error, and to one associate counsel and to the solicitor for the road, for filing the bill. The State had paid to plaintiffs in error, and to several of the other counsel, about $700 00 or $800 00 each. The interests of the clients of Messrs. Hines & Hobbs conflicted with the claims of the first mortgage bondholders,

and their right to be made parties to the bill, as creditors, was resisted by them, as well as their right to any share in the fund.

Messrs. Hines & Hobbs claim that they are entitled to compensation out of the whole fund, and in proportion to the whole amount thereof, for their services in filing the bill, and, as they claim, for bringing the fund into Court. The Court below refused to grant an order for further compensation. We cannot say that, under the facts of the case, the Court erred in so refusing. It would be going very far to say that the solicitor for one or two creditors who file a creditor's bill, no matter what is the amount of the claim they represent, or the fund that may be finally distributed, can not only contest the right of other creditors to a participation, but after a protracted litigation, joined in by all of the creditors, by which the fund is finally brought into Court for distribution, may assert that they are entitled to compensation out of the whole fund in proportion to its amount, and the amount of litigation that has grown out of the case. If this be so, a creditor who had a claim of $500 00 or $1,000 00, might procure counsel—file a creditor's bill, where the fund or property might be $20,000 00 or $50,000 00, and for the filing of that bill and obtaining an injunction or a receiver for the property, his counsel could set up a claim for services to be paid by all the other creditors, or out of the general fund, in proportion to the whole amount which might be distributed. It would scarcely be thought that an attorney representing a debt of $1,000 00, who, in a claim case, had succeeded in condemning property worth $10,000 00, could charge his fees as if representing a debt of $10,000 00. In such a case, though other creditors may take the whole proceeds, the attorney is entitled to his fees out of the same, but surely they would be considered or rated somewhat with reference to the interest he represented, and not to be fixed solely by the whole amount that may be distributed amongst all the creditors. And the more especially would this be true if the attorneys for the other creditors joined with him in prosecuting the case to a condem-

nation of the property. The object of the rule which allows compensation out of the fund recovered to the counsel of the moving creditor, is to prevent the injustice there would be in such creditor having to pay for the action of which, though instituted by him, others were beneficiaries. It is to relieve him of the liability to the counsel whose services he procured, and which may have been of no avail to him though they were to others. In such a case the fund realized should protect him against the payment of such compensation as he was liable for. Under the facts in this case, we cannot say that the Judge to whom the whole matter was referred, a jury being waived, made such a decision as that it was error for him afterwards to refuse to set it aside and grant a new trial.

Judgment affirmed.