### NEAL *et al. v.* NEAL *et al.*

1. Where certain tenants in common file a petition for partition against their cotenants, who do not desire partition but make no resistance, and the property, being incapable of division by metes and bounds, is sold under order of court, and the proceeds are brought into court for distribution, the applicants for partition are not entitled, in the absence of a statutory provision to that effect, to have fees awarded to their attorneys from the fund, thus requiring their cotenants to contribute to the payment of such fees.

(a) Civil Code §§ 5365, 5366, which provide that, if land is incapable of division by metes and bounds, it shall be sold by .commissioners, under order of the court, and the proceeds shall be divided, "after deducting the expenses of the proceeding," do not authorize the award from the fund of fees for the attorneys representing the applicants for partition.

                    OCTOBER 15, 1913.

Application to allow attorney's fees. Before Judge Maddox. Floyd superior court. October 14, 1912.

*Copeland, Hamilton & Hutchens,* for plaintiffs.

*Denny & Wright,* for defendants.

LUMPKIN, J. Certain tenants in common filed a petition for partition against their cotenants. The latter were opposed to a partition, and employed counsel to resist it if possible. No objections were filed, because the counsel employed concluded that there was no legal ground for so doing. The land was sold, and the proceeds amounting to $9,100 were brought into court for distri-

bution. The applicants for partition filed a petition to have fees awarded from the fund to the attorneys who represented them, alleging that such attorneys directed the proceedings, including the advertisement, report of the commissioners, and other work necessary to make the action legal. The matter was submitted to the presiding judge without a jury. He denied the application, and the applicants excepted.

It has been said: "In the United States, attorney's fees are not ordinarily recoverable as costs. Therefore in suits for partition they can not be recovered unless their recovery is specially and clearly authorized. General expressions in statutes authorizing the allowance of costs, or of costs and expenses, are not sufficient to support an allowance to any of the parties on account of necessary disbursements to obtain the services of attorneys." 30 Cyc. 298 (7); Jordan v. Farrow, 130 Ala. 428 (30 So. 338); Hutts v. Martin, 134 Ind. 587 (33 N. E. 676); Coles v. Coles, 13 N. J. Eq. 365; Butler v. Butler, 73 S. C. 402 (53 S. E. 646); Legg v. Legg, 34 Wash. 132 (75 Pac. 130); Lang v. Constance, 20 Ky. Law R. 502 (46 S. W. 693). There are authorities to the contrary; but we think these contain the sounder ruling.

The statute of this State makes no provision in terms for the payment of fees of counsel in such cases. It declares, that, if division of lands by metes and bounds can not be made, the court shall order a sale by three commissioners. After the sale the commissioners are required to make a return, and the court shall order the proceeds to be divided "after deducting the expenses of the proceedings." In several of the cases above cited, there were statutes providing for the payment of expenses; but this was held not to include attorney's fees. That the words "costs and expenses" do not necessarily include attorney's fees will be seen from the decision in Ball v. Vason, 56 Ga. 264, where that expression, used in a direction given by this court to a trial court in regard to distributing a fund, was held not to do so.

The analogy sought to be drawn between this case and those in which diligent creditors, by equitable proceedings against a debtor, bring a fund into court, in which others seek to share, is not sound. The allowance of fees provided by the statute (Civil Code (1910), § 5290) in cases where a fund is raised by process of garnishment rests on the same basis of reason as the equitable cases last men-

tioned, as will appear from the language of the code section cited, that the fund shall be paid over to creditors of the defendant according to priorities,—"the expenses of the moving creditor being first paid pro rata by the judgment creditors receiving the benefit of his diligence." To require tenants in common who do not wish a partition to pay a part of the attorney's fees of those who do so desire, is quite another proposition.

*Judgment affirmed. All the Justices concur.*