SPEER *et al.* v. MIDDLETON *et al.*

HILL, J. 1. The property involved in this case was devised by the will of A. W. Mitchell to a trustee for the benefit of the testator's son, Charles B. Mitchell, during his life, and in the event of his dying childless remainders were created in favor of certain other children and representatives of children of the testator. When the life-tenant died childless some of his brothers and sisters had died without leaving children or representatives of children, while three of them had died

leaving children or representatives of children. The 15th and 16th items of the will were as follows: "Item 15th. Upon the death of Charles B. Mitchell leaving lawful child or children him surviving, all the property devised or bequeathed to I. S. Mitchell in trust for him, as provided in item eleven and other items of this will, shall vest in such child or children in fee; but upon his death leaving no child or children him surviving, said property shall be equally divided between Nancy Ellen Roach, William P. Mitchell, Oliver E. Mitchell, and I. S. Mitchell in trust for Henry A. Mitchell, as hereinbefore provided, and I. S. Mitchell in trust for Mary B. Mitchell, as hereinbefore provided, and I. S. Mitchell in trust for the children of Miriam Augusta Bridge, as hereinbefore provided." "Item 16th. If, at the time any remainder created by or arising under this will would vest, any one of my children now dead or dying hereafter before that time shall have no child or children living, the share of such deceased child of mine shall go to the surviving brothers and sisters; and in case one of the latter shall have died as aforesaid, leaving a child or children living at the time aforesaid, such child or children shall represent the parent per stirpe in the division. And the said I. S. Mitchell, trustee as aforesaid, shall take the shares of those for whom he is trustee, as aforesaid, and hold them as provided in the several items respectively of this will creating the trust. And grandchildren of any son or daughter of mine now dead or dying hereafter as aforesaid shall take per stirpe with the children of such son or daughter." Properly construed, each of the three sets of representatives of the deceased children who were in life at the death of Charles B. Mitchell took per stirpes a vested estate in remainder of the property left by Charles B., each set taking one third thereof. This was the ruling made upon the construction of the will in the case of *Speer* v. *Roach*, 145 *Ga.* 852 (90 S. E. 57). The trial judge directed a verdict in accordance with such construction, and entered a decree which was also in accordance with that construction of the will, as well as with the verdict. *Held*, that there was no error in the direction of the verdict, nor in the rendition of the decree.

2. Exception was also taken to the appointment of a receiver; but under the pleadings and evidence there was no abuse of discretion in appointing a receiver.     *Judgment affirmed. All the Justices concur.*

                         JUNE 14, 1917.

Equitable petition. Before Judge Ellis. Fulton superior court. April 22, 1916.

*Anderson & Rountree* and *R. W. Crenshaw*, for plaintiffs in error. *W. A. Fuller, Hooper Alexander, Bryan, Jordan & Middlebrooks, W. R. Tichenor*, and *King & Spalding*, contra.