## KEATING et al. v. FULLER et al.

1. A receiver has not the power to employ counsel without leave or sanction of the court which appointed him. Nevertheless, where a receiver employs counsel without specific order authorizing the employment, and such counsel performs services for the receiver during the term of the receivership, counsel fees are within the just allowance that any be made by the chancellor.

2. As a general rule, equity does not sanction the employment by a receiver of the attorney of any of the parties in the suit, or one whose interest may be opposed to those of the parties; but the rule is subject to limitation and exception. It can not be invoked by a stranger; nor does it apply where the employment is made in good faith, and where the receiver is not acting adversely to any party to the cause, but for the common benefit of all.

3. The court of chancery has power to allow a reasonable fee to the attorney of the complainant in a partition suit, to be paid out of the proceeds of the sale of the estate. The case of *Neal* v. *Neal*, 140 *Ga.* 734 (79 S. E. 849), was a statutory proceeding for the partition of land; and in such proceeding the general equitable doctrine can not be invoked in aid of a judgment awarding costs to the applicant or plaintiff, in the absence of statute.

No. 1920. FEBRUARY 15, 1921.

Equitable petition. Before Judge Bell. Fulton superior court. December 24, 1919.

*Hooper Alexander* and *Anderson, Rountree & Crenshaw*, for plaintiffs in error.

*W. A. Fuller, C. T. Hopkins, Bryan & Middlebrooks, W. R. Tichenor*, and *King & Spalding*, contra.

GEORGE, J. By the will of A. W. Mitchell certain real estate was devised to a trustee for the benefit of Charles B. Mitchell, testator's son, during his life, and, in the event of his dying childless, remainders were created in favor of certain other children and representatives of the children of the testator. After the death of Charles B. Mitchell, the Bridge children, the representatives of a child of the testator, and claiming as remaindermen, filed through their attorney, W. A. Fuller, Esq., a petition in equity for partition of the property devised by the will of A. W. Mitchell. The children of other deceased children of the testator, who were entitled to take under the will as remaindermen, and the trustee, who had practically abandoned the trust prior to the death of Charles B. Mitchell, were made parties defendant. The plaintiffs prayed for the appointment of a receiver; and a temporary receiver was appointed. A controversy arose between the Roach children and Mrs. Rena McDowell Roach, an intervenor. This controversy was determined by this court in *Speer* v. *Roach*, 145 *Ga.* 852 (90 S. E. 57). A controversy arose between the Roach children and their cotenants, respecting the share or interest in the property devised by the will; and this controversy was determined by this court in *Speer* v. *Middleton*, 147 *Ga.* 102 (92 S. E. 870). A controversy arose between the plaintiffs and the defendants, as to whether the receivership should be made permanent; and this controversy was determined adversely to the contentions of the defendants, in *Speer* v. *Middleton*, supra. At the suit of the plaintiffs, through W. A. Fuller, their attorney, the receivership was extended to Charles B. Mitchell's personal estate,

which consisted of a debt due him by a third person. The debt was collected by the receiver, and the money was distributed by consent of the parties. The receivership extended over a period of five years. Approximately the sum of $64,395 was collected and disbursed by the receiver under orders of the court. W. A. Fuller, counsel for plaintiffs, represented the receiver throughout the five years. Upon application, the court allowed Mr. Fuller a fee of one thousand dollars on account of his services as counsel for the receiver, and a fee of one thousand dollars on account of his services as counsel for the plaintiffs. To this judgment the defendants (except the trustee) excepted.

1. It is insisted that counsel for the receiver was not entitled to any compensation for his services. It appears that the court did not authorize the receiver to employ counsel. Nevertheless, in the order allowing fees, the judge recites that " the receivership has covered a period of approximately five years. During all this time W. A. Fuller prepared and presented, as attorney for the receiver, numerous applications for administrative orders, upon which applications the attorneys for objectors acknowledged service, said applications being presented by W. A. Fuller as attorney for the receiver; and no question, so far as the court is informed, has ever been made as to his representing the receiver, until this application for fees was presented. Said Fuller also filed various reports for the receiver, as his attorney, and prepared and filed a petition for distribution, and it seems did any and everything required of an attorney in faithfully and efficiently representing the receiver in the discharge of the duties of his trust." It is true that a receiver has not the authority to employ counsel without leave or sanction of the court which appointed him. *Anderson* v. *Fidelity & Deposit Co.,* 100 *Ga.* 739, 742 (28 S. E. 463). Nevertheless, where a receiver is charged with duties and the performance of a particular trust requiring the benefit of counsel to guide and assist him, he is entitled to the benefit of such assistance; and although there is no specific order, in the first instance, authorizing the receiver to employ counsel, counsel fees are within the just allowances that may be made by the court. 34 Cyc. 290. Where the receiver employs counsel without having first obtained authority from the court appointing him, the court will determine both the necessity for counsel and the compensation to be allowed. As

a general rule, equity does not sanction the employment by a receiver of the attorney of any party in the suit; but this rule' is subject to exception and limitation. The rule is intended only for the protection of the rights of the parties themselves. It can not be invoked by a stranger. Hence, where the appointment is made in good faith, with the consent of the parties in the cause, the court may sanction the appointment, though made without previous authority, and may allow reasonable fees for the services rendered by the counsel. Where the receiver is not acting adversely to one or more of the parties to the litigation, and where the counsel of one of the parties has been employed by the receiver, not adversely to either of the parties, but to advance the common interest of all, such employment does not fall within the principle of the rule. See High on Receivers, §§ 217, 806. The fee of the receiver's attorney is a part of the receiver's expenses in administering the trust. See *Central Trust Co.* v. *Thurman,* 94 *Ga.* 735, 747 (20 S. E. 141). Under the facts of this case the court had the power, and it was his duty, to allow counsel for the receiver compensation for his services; and we can not say that the court abused his discretion in allowing a fee of one thousand dollars to such counsel.

2. It is insisted that counsel for the plaintiffs in the equitable petition for partition must be paid wholly by his clients for services rendered in the case. The plaintiffs in error rely upon the case of *Neal* v. *Neal,* 140 *Ga.* 734 (79 S. E. 849), where it was ruled that "Where certain tenants in common file a petition for partition against their cotenants, who do not desire partition but make no resistance, and the property, being incapable of division by metes and bounds, is sold under order of court, and the proceeds are brought into court for distribution, the applicants for partition are not entitled, in the absence of a statutory provision to that effect, to have fees awarded to their attorneys from the fund, thus requiring their cotenants to contribute to the payment of such fees. Civil Code §§ 5365, 5366, which provide that if land is incapable of division by metes and bounds it shall be sold by commissioners, under order of the court, and the proceeds shall be divided, ' after deducting the expenses of the proceeding,' do not authorize the award from the fund of fees for the attorneys representing the applicants for partition." The *Neal* case was a

suit at law; the case at bar is a suit in equity. In the *Neal* case, the cotenants of the plaintiffs did not desire the partition made, but offered no resistance, because they were advised that they could not successfully defend the action. In the present case it appears that a partition in equity was necessary. The ground alleged as a basis of the jurisdiction of the court of equity was asserted for the common benefit of all the tenants in common. This court has adjudicated that the appointment of a receiver to protect, preserve, and sell the real estate was necessary. It is true that some of the cases cited in support of the ruling in *Neal* v. *Neal* (for instance Coles *v.* Coles, 13 N. J. Eq. 365) were cases in equity, but this is not conclusive upon the question presented by this record. The *Neal* case is authority for the proposition that a general equitable doctrine can not be invoked in support of a judgment for costs in a proceeding at law, in the absence of statute. The *Neal* case is not, however, authority for the proposition that a general equitable doctrine can not be invoked in support of a judgment for costs, including the fee of counsel for the plaintiffs, in an equity suit. Under the Civil Code (1910), § 5980, the party who shall discontinue, fail, or be cast in a suit shall be liable for the costs thereof. This is the general rule applicable to suits at law. See Civil Code (1910), § 5992. Under the Civil Code (1910), § 5423, the jury, in the trial of an equity case, "may recommend to the court the assessment of costs upon the respective parties. It is the province of the judge, however, to determine upon whom the costs shall fall. This is the general rule applicable to equity cases. See *Lowe* v. *Byrd*, 148 *Ga.* 388 (5), 392 (96 S. E. 1001). Under the Civil Code (1910), § 5488, provision is made for the allowance, to counsel filing the petition and representing the moving creditor or party, of fees out of the general fund administered by the court. This section recognizes the general rule applicable in equity cases. The final provision of section 5489 of the Civil Code is as follows: "Provided further, that in all cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth." The code does not in terms provide for the payment of fees to counsel for plaintiffs in an equitable partition proceeding. But this failure can not be taken as a denial of the general power

of the chancellor to make an allowance of fees out of the common fund to the attorney for plaintiffs in an equity case, whether the case be one for partition of land or for the administration of a fund for the benefit of more than a single creditor. It does not follow that in every case where resort to a court of equity is necessary to partition land the chancellor may properly allow fees to the counsel for the plaintiffs out of the common fund in court. The chancellor, in a proper case, has such power subject to the general rules and general principles applicable to the allowance of counsel fees in equity cases. Under the facts of this case, the court properly allowed compensation to counsel for plaintiffs in the suit, payable out of the common fund; and no abuse of discretion in fixing the amount of such compensation is made to appear.　　　　*Judgment affirmed. All the Justices concur.*