## MAY *v.* CHERO-COLA COMPANY *et al.*

No. 6996.　April 13, 1929.

*Paul·T. Chance* and *W. Inman Curry,* for plaintiff in error.

*Lee, Congdon & Fulcher, W. M. Lester,* and *Hull, Barrett & Willingham,* contra.

Gilbert, J.　The Chero-Cola Company foreclosed a chattel mortgage given by J. C. May, and a receiver was appointed to hold the property involved, pending sale. The property was duly levied upon, returnable to the January term, 1928, of the court. On December 28, 1927, May was adjudicated a bankrupt; and on January 3, 1928, the trustee in bankruptcy petitioned to intervene in the State court proceedings, setting up that the mortgage was executed in fraud of creditors, and that the plaintiff had fraudulently failed to credit payments made thereon by the bankrupt. The property having been advertised for sale, the sale was held up by a temporary order. Plaintiff's demurrer to the intervention was overruled, and it excepted pendente lite. It. also answered said intervention. The issues were referred to an auditor, who found that $3435.32 had been paid on the mortgage which had not been

credited. By agreement of the parties the property was readvertised for sale on the first Tuesday in February, 1928, but on that day the plaintiff withdrew the property from sale. On January 27, 1928, Mrs. Martha E. May petitioned to be allowed to intervene, setting up that she was a former wife of J. C. May; that in her divorce and alimony action against May she had been awarded permanent alimony in the sum of $150 per month; that her decree antedated the mortgage, and her petition in the divorce suit had scheduled the property later mortgaged; and that plaintiff took its mortgage with notice of her decree. To this the plaintiff demurred. Before the demurrer was passed upon, the plaintiff filed a petition that the court allow its attorneys $750 as fees for bringing the fund into court. At the same time a petition was filed by the attorneys for allowance of $500 as fees for services rendered to the receiver. Mrs. May demurred to this petition, and answered. On a hearing the court passed an order overruling Mrs. May's demurrer, and allowing the fees asked for. Mrs. May excepted on the ground that these rulings were contrary to law and evidence, and were inequitable and unjust.

Under the principle ruled in *Kealing* v. *Fuller*, 151 *Ga.* 66 (2) (105 S. E. 844), the court did not err in overruling the demurrer, and in allowing the attorneys' fees. While the evidence shows that the receiver did not obtain permission to employ an attorney, it does appear that the receiver did avail himself of counsel's advice; and the allowance of fees by the court is in itself an approval.

*Judgment affirmed. All the Justices concur.*