## Herndon v. Sheats et al.

Atkinson, J. Two persons operating as "croppers" as that term is defined in the Civil Code, § 3707, after the crops had been "laid by," were convicted of penal offenses and sentenced to work on the chaingang. While so confined, the croppers instituted suit against the proprietor of the land, seeking appointment of a receiver to gather and market the crops and distribute the proceeds in accordance with the contract between the parties, and for injunction to prevent the proprietor from gathering and appropriating the crops to his own use. At an interlocutory hearing the proprietor was appointed "to oversee and superintend the gathering and marketing" of the crops, and was directed to keep a record and make return to the court "of all the doings, receipts, and disbursements of said receiver." The proprietor gathered and marketed the crops, made division thereof in accordance with the cropper contract, charged the croppers' share with the costs of gathering and marketing, applied the balance to payment for supplies furnished to the croppers, and made his report to the court, showing the total amount paid out by the receiver and charged to the croppers to be $583.04 and the amount collected by the receiver to be $523.78, thus leaving a balance due by the croppers of $59.26. Objections were filled to the report. The case as made by the objections to the report was submitted to a jury. On the verdict a decree was entered, August 5, 1931, declaring that all accounts were even as between the parties, and by a separate order dated August 15, 1931, it was directed that the plaintiffs pay "one half of the cost of court" and that the defendant pay the other half. There was no exception to the verdict or the decree. On August 18, 1931, the attorney of record for the plaintiffs presented his petition to the judge for an allowance of attorney's fees for services performed in the cause, on the ground "that through his efforts the estate" of the plaintiffs "was administered" by the court, "which resulted in a large sum of money being in the hands of the receiver," the defendant; that petitioner secured for plaintiffs substantial relief in said cause; and that his services benefited the estate, and were of value to the court in the administration of the affairs of the receivership. The

defendant filed a demurrer and an answer. There was a hearing upon the matter at chambers on August 22, 1931, at which the applicant did not introduce any evidence. The defendant in his own behalf testified that he had received no benefit from the receivership, and that as receiver he had no funds and had never had funds to which the plaintiffs were entitled with which to pay attorney's fees. The evidence being closed, the court took the case under consideration, and on December 17, 1931, granted an order awarding to the attorney a fee of $100 for his services "one half . . of same to be paid by the plaintiffs, and one half . . to be paid by the defendant." The sole assignment of error is upon this judgment, by the defendant in the main case, on the grounds that it is contrary to law. The bill of exceptions shows all that is stated above. *Held:*

1. There is no merit in the motion to dismiss the bill of exceptions on the ground that it fails to have attached a brief of the evidence introduced in the trial of the main case.

2. As against the defendant the judgment for one half of the attorney's fees was general, and was not restricted to payment from any funds in court, produced by the services of the attorney which were beneficial to the defendant. In the circumstances the defendant was not liable for any part of the attorney's fees under the Civil Code, § 4392, referred to in *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005), nor under §§ 5423, 5488, 5489. See generally, on the subject, *Keating* v. *Fuller,* 151 *Ga.* 66 (3) (105 S. E. 844); *Buckwalter* v. *Whipple,* 115 *Ga.* 484 (3) (41 S. E. 1010); *Alexander* v. *A. & W. P. R. Co.,* 113 *Ga.* 193 (38 S. E. 772, 54 L. R. A. 305); 2 R. C. L. 1052, § 136.

*Judgment reversed. All the Justices concur.*

No. 8827. JANUARY 10, 1933.

*H. T. Golightly,* for plaintiff in error.
*E. Harold Sheals* and *George C. Dean,* contra.