## BUTTRILL *et al.* *v.* BUTTRILL *et al.*

No. 10339. NOVEMBER 17, 1934.

760

*C. L. Redman* and *W. E. Watkins,* for plaintiffs in error.

*Beck, Goodrich & Beck* and *Joel B. Mallet,* contra.

BELL, J.   Prior to this litigation T. H. Buttrill and A. T. Buttrill composed the firm of T. H. and A. T. Buttrill, a partnership in which the members were equally interested.   They disagreed as to the conduct of the business, and the dissension was so acute that each of them desired a dissolution.   The result was that on December 10, 1932, they filed separate petitions in equity, each praying in effect that a receiver be appointed to take charge of the affairs of the partnership, to collect the debts due it, to pay its debts to others, to divide the residue, if any; and that the partnership be dissolved.   The petition of A. T. Buttrill was presented to Judge Persons of the Flint Circuit, by whom the petition was sanctioned and ordered filed.   Judge Persons later certified that he was disqualified, and referred the case to Judge Searcy of the Griffin Circuit.   The petition of T. H. Buttrill was presented directly to Judge Searcy on account of supposed disqualification of Judge Persons.   Judge Searcy assumed jurisdiction of both cases, and appointed a common time and place for the interlocutory hearings. At the time and place appointed, the parties and their counsel being present, a question arose as to which petition should take precedence, the petition filed by A. T. Buttrill having been presented first, but the judge who sanctioned the same having been disqualified and having later certified to that fact.   Each of the parties had prayed for appointment of a receiver and for dissolution of the partnership; but each of them contended that the relief should be granted upon his own petition, and not on the petition of the other.   Finally, on the same occasion, the court by consent of parties and counsel ordered that the two petitions be consolidated into one case, and appointed a receiver to take charge of all the assets of the partnership and to administer the same under the direction of the court.

Subsequently an auditor was appointed for the purpose of passing upon certain matters of difference between the partners.   The auditor heard evidence and made a report which was duly filed. The auditor served the attorneys on each side with what purported to be a copy of his report, but for some reason the copy delivered to the attorneys for A. T. Buttrill was incorrect, omitting a certain conclusion of law of which the attorneys for A. T. Buttrill were not

apprised until the report was called for hearing on the question of its approval. A. T. Buttrill, through his attorneys, excepted to the approval of the report solely upon the ground that the auditor had served his attorneys with such incorrect copy, and that they had the right to rely thereon. This exception is contained in the bill of exceptions which is now before this court for consideration. In the same bill of exceptions error is assigned upon the refusal of Judge Searcy to grant an application presented by A. T. Buttrill for the allowance of fees for the use of the attorneys who prepared and filed the petition in his name for the dissolution and receivership. The order passed upon this application was as follows: "After consideration of the within application and amendment, and the record in the case before the auditor, and the evidence, it is the opinion of the court that this is not a case for the allowance of fees as prayed for; and therefore the petition is refused. In a separate order of even date the court is allowing fees and expenses that are, in the opinion of the court, proper to be allowed and ordered paid." The plaintiff in error contends, among other things, that the two cases were consolidated in consideration of an agreement as to fees, and that even on this ground alone it was error to refuse the application. In the view which we take of the case, it is unnecessary to pass upon any question relating to the alleged agreement.

■ There was no merit in the objection to the approval of the auditor's report. The law requires that an auditor shall file his report, and that upon doing so he shall give both parties, or their counsel, notice thereof. Civil Code (1910), §§ 5133, 5134. By one of the superior court rules it is provided that "When auditors have made up their report, the same shall be returned into the clerk's office without delay, and shall remain open to the inspection of both parties." Civil Code (1910), § 6322. The law did not require that the auditor should serve the parties, or their counsel, with a copy of his report; and therefore it is immaterial that the copy in question was not a correct copy. The auditor complied with the law by giving to counsel written notice of the filing of the report; and since the original was of file and open to inspection in the office of the clerk, it was the duty of counsel to resort to that document for the purpose of ascertaining its contents and determining its satisfactory or objectionable character.

A party desiring to file exceptions to an auditor's report must file the same within 20 days after the report is deposited with the clerk and written notice thereof is given by the auditor. Civil Code (1910), § 5135. It does not appear that any exceptions were filed within this period, and a failure in this respect would not be excused merely because the attorneys were served with an incorrect copy. See, in this connection, *Littleton* v. *Patton*, 112 *Ga.* 438 (4) (37 S. E. 755).

■ We think the court erred in refusing to allow any amount as fees for the attorneys for the applicant, A. T. Buttrill. Each of the parties filed a petition for dissolution of the partnership and for appointment of a receiver. Regardless of any supposed imperfection in the petition of A. T. Buttrill, and of any question, of priority as between the two petitions, which might otherwise be involved, we are of the opinion that the order of consolidation eliminated these questions and converted the petitions into the equivalent of a single action brought jointly by the two partners for dissolution and for an equitable administration of the partnership assets. In 47 C. J. 1271, § 1007, it is said: "As a rule, the costs and expenses of a suit for a partnership accounting, including the fees of experts, accountants, auditors, and attorneys, are to be paid out of the partnership estate, or, if this is insufficient, they are to be borne by the partners in proportion to their respective shares or interests in the partnership. But in such a suit, as in other equity suits, the court may exercise discretion in imposing costs, or in apportioning them as between the partners. In accordance with the general rule that costs in equity suits are awarded to the prevailing party, the entire costs of the litigation are frequently imposed upon one or some of the partners, particularly where the court for some reason concludes that justice demands such a disposition of the question of costs, as in cases where costs are imposed upon a partner or partners who have been guilty of misconduct of some kind in connection with the partnership affairs, or have by their acts or omissions rendered the suit necessary to protect the rights of the successful party, or have needlessly prolonged the litigation." This statement, so far as it applies to attorneys' fees, is well supported by the decisions in Patrick *v.* Patrick, 71 N. J. Eq. 347 (63 Atl. 848) ; Wade *v.* Clower, 94 Fla. 817 (114 So. 548, 552).

As indicated above, the present case is to be considered as one in

which the partners *joined* in a petition for a dissolution of the partnership and for an administration of the assets by a court of equity. In these circumstances, the joint petition was necessarily brought for the common benefit of the two partners, and it is only fair and equitable that the expense of accomplishing these particular ends should be borne by the common estate. We do not say that the court should go further and allow fees to the attorneys on either side for other services, such as the representation of the parties with respect to their individual differences. But, so far as the consolidated action sought and obtained relief in accordance with the common prayers, the reasonable and necessary expenses should be paid from the partnership assets, if any, as between the parties to such petition. The present case differs on its facts from *Alexander* v. *Atlanta & West Point Railroad Co.*, 113 *Ga.* 193 (38 S. E. 772, 54 L. R. A. 305), but much that was said in that decision is directly applicable to the case in hand. A suit for dissolution of a partnership is similar to an action for partition of land; and where a suit for the latter purpose is brought in a court of equity, the court has power to allow a reasonable fee to the attorney for the complainant, to be paid out of the proceeds of the common estate. *Keating* v. *Fuller*, 151 *Ga.* 66 (3) (105 S. E. 844). See also *Peninsular Naval Stores Co.* v. *Culbreth*, 162 *Ga.* 474 (134 S. E. 608) ; Capuccio *v. Caire*, 207 Cal. 200 (277 Pac. 475, 73 A. L. R. 8).

If the order here under consideration should be construed as denying the application on the ground that no fees whatever could be allowed in a case of this sort, it is based upon an erroneous conclusion of law, and must be reversed. On the other hand, if the order should be taken as denying the application in the exercise of a discretion, it follows also from what has been said that the learned judge abused his discretion in refusing to allow any sum whatever as compensation to the applicant's attorneys. So viewing the case, we do not deem it necessary to construe the order for the purpose of determining the exact theory upon which it was based. It appears as a matter of law that the attorneys for the applicant rendered at least some service beneficial to the common estate, and that the circumstances were such that compensation in some amount should have been awarded. This conclusion is not in conflict with the decision in *Herndon* v. *Sheats*, 176 *Ga.* 199 (167 S. E. 506), or in any of the cases there cited. The instant record, of course,

involves no question as to whether fees should be allowed in case of a successful but contested petition for such relief as was granted here was on concurrent prayers.

*Judgment reversed.   All the Justices concur, except Beck, P. J., disqualified.*