## WERNER v. WERNER et al.

No. 14530.   MAY 6, 1943.

*William S. Shelfer,* for plaintiff.

*Hooper, Hooper & Miller,* for defendants.

REID, Chief Justice.   Edward A. Werner Jr. filed an equitable petition through his attorney, William S. Shelfer, naming as defendants his two brothers Lynn W. Werner and Ray C. Werner, and his sister Florence W. Brine.   He alleged that he and the three defendants were the children of Edward A. Werner Sr., and Mrs. Florence Cowles Werner, both deceased, the death of their father having occurred in 1896; and that their father left a will naming their mother as executrix.   Copy of the will attached to the petition showed, in addition to a recital in respect to a certain deed that the testator had previously made to his.wife, a general scheme of devise under which he left all of his property to be held

by her as trustee for the benefit of herself and the four named children. The deed referred to in the will, also attached as an exhibit, showed that the remainder interests in the property there conveyed were to be held for the benefit of the four named children and to be taken by them upon the death of their mother. The petition further showed, that the mother did not distribute to petitioner and defendants their respective shares, but made from time to time advances to them in amounts unknown to petitioner; that after her death intestate in 1911 "said estate has never been administered, and that there is no legal representative in charge of said estate;" that one of the defendants, Lynn W. Werner, had assumed, without authority from the court of ordinary, to act for said estate, and he managed the same, collecting the rents and making various and sundry advances to the petitioner and the other defendants and making various disbursements as for operating expenses, etc. There were allegations to the effect that before the death of the mother there had been executed and delivered to her a bond for title from the Northside Improvement Company, calling for conveyance to her and to the petitioner and to Lynn W. Werner of certain improved real estate known as 528 West Peachtree Street, the purchase-price of said property being $8250; that after the payment of such purchase-price a warranty deed was made, conveying the property in accordance with the bond for title, but that the consideration for the payment of such property was "obtained from the funds of said estate, except certain amounts advanced by the defendant Lynn W. Werner, which amount is to your petitioner unknown;" that thereafter Lynn W. Werner obtained from his mother a warranty deed to himself, conveying her interest in that property, and subsequently filed for record, and claimed to have a similar conveyance from petitioner, but in reality such conveyance was never properly executed and delivered, and had been obtained from petitioner in an improper manner. It was further alleged that the property was later sold by Lynn W. Werner for substantial profit appropriated by him to his own use. Liability to plaintiff for such profit so alleged was asserted. Various other transactions involving real estate were likewise set forth, in all of which an interest of plaintiff along with those of the defendants was asserted, it being alleged that plaintiff had no "adequate remedy at law, and that it is necessary for a court of

equity to administer said estate; that an auditor is necessary in order to determine the interests of the respective parties; and that it is necessary for the court to appoint a receiver to collect the rents and sell said property for distribution to petitioner and the defendants here, in accordance with their respective interests." Appropriate prayers in accordance with these allegations were made for appointment of receiver, for accounting between the parties, for appointment of an auditor, and that a court of equity "assume jurisdiction for the purpose of fully and equitably administering said estate."

The defendants filed a joint answer in which they set up generally the contention that the assets of "the estate," it not appearing from the answer or the petition just what was referred to as the assets, had been properly managed by Lynn W. Werner, who had from time to time made various advances to the estate from his own funds and had advanced varying amounts to the four interested, including himself. Elaborate explanations were set forth as to various transactions with regard to real estate owned and loans representing indebtedness against such property. It was pointed out in the answer that it was impracticable to set forth a complete accounting in the pleadings and stated that "defendants realize the necessity for the appointment of an auditor as prayed by the petitioner as would have been prayed by these defendants if petitioner had not prematurely filed his action." It was contended in the answer that the plaintiff filed his action after receiving statutory notice on their part of their intention to apply for a partition of the property as provided by statute. It was admitted in the answer that the property involved could not be divided equally and that it was necessary that it be sold. In due course the court appointed an auditor to hear the issues of law and fact as made by the pleadings, but did not at that time act upon the prayer for the appointment of a receiver. The auditor made his report which is not in the record before us, but in which he, according to a decree based upon his findings, stated the accounts of the respective parties at interest, and though this does not clearly appear, apparently found against the contentions of the plaintiff with respect to mismanagement and with respect to other matters set up in plaintiff's petition as between him and defendant Lynn W. Werner. A decree apparently giving effect to

the auditor's findings was consented to by counsel for plaintiff and the defendants. Following this, counsel for plaintiff brought again to the attention of the court his prayer for the appointment of a receiver. The order of appointment recites that "upon application of the parties and after hearing, Lynn W. Werner is hereby appointed receiver of the assets of both estates, . ." etc. He was directed to collect the rent, manage the property, etc., and to report to the court within a limited time the assets on hand and the exact status of the property including cash on hand, and was further ordered to recommend to the court the best method to sell the property. The same order of appointment designated William S. Shelfer, attorney for the plaintiff, and F. A. Hooper Sr., attorney for the defendants, as counsel for the receiver. The receiver reported having taken in $3540.98 and disbursed $754.32, and having in his possession the real property "involved in the litigation," described by parcels, pointed out that the real estate had been listed for sale with various realty firms and a cash bid of $32,500 had been received for the property from a realty company. Later it seems that two of the defendants increased this bid to $33,500, which was ordered approved and accepted as the highest and best bid. The receiver then, in accordance with direction from the court, made a deed of conveyance to himself and Ray C. Werner, as purchasers. Following this, Shelfer, as attorney for the plaintiff and as attorney for the receiver, made application for an allowance of fees. Hooper also made application for allowance of fees for representing the receiver. The defendants objected to the allowance of any fees for Shelfer as a charge upon the funds in the court, except as against the share of the plaintiff. Upon the hearing of these applications and that of the receiver for his own compensation, the judge, after rendering an opinion, provided for the compensation of Shelfer and Hooper as attorneys for the receiver, but denied the claim of Shelfer for any fee to be awarded out of the general fund, stating in his opinion that he felt that Shelfer, as counsel for the plaintiff, was entitled to an award of attorney's fee "for services rendered complainant in bringing the plaintiff's part of the fund into court, and for such services rendered the court assesses a fee of $1000 which shall be a charge upon the distributive share to which the plaintiff will be entitled." Compensation was allowed to the receiver out of the entire fund.

The judge, in the opinion entered, held that as a matter of law he was not permitted to charge the whole fund with any fee for bringing the property under administration or for "bringing the fund into court," indicating that, if he had not felt so bound as a matter of law, some appropriate allowance would have been made to counsel for the plaintiff, to be paid from the entire fund. The plaintiff, in Shelfer's behalf, excepted to the order denying him compensation as prayed.

1. The opinion filed by the judge shows that he sought earnestly to follow the provisions of law contained in our Code sections and in the decisions of our courts, which have dealt with both law and equity cases on the question of counsel fees. He predicated his holding mainly on the case of *Neal* v. *Neal,* 140 *Ga.* 734 (79 S. E. 849), where, as since has been pointed out in *Keating* v. *Fuller,* 151 *Ga.* 66 (105 S. E. 844), there was only a statutory proceeding for partition of lands. In the *Neal* case nothing else was involved, and the statute was followed. It was merely held that in such an instance attorney's fee for the moving party could not be deducted from the proceeds of sale by the partitioners, as a part of the expense contemplated by that statute. See chapter 85-15 of the Code, which deals fully with such proceeding, and section 85-1501, which provides that "Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Unless, due to reasons stated in the foregoing section, equitable jurisdiction is applied, the parties seeking a partition of lands are required to resort to the statute. See *Newton Mfg. Co.* v. *White,* 47 *Ga.* 400, 404. And when a purely statutory partition is had, this court would be without jurisdiction to review its proceedings. See *Anderson* v. *Anderson,* 151 *Ga.* 518 (107 S. E. 334). In *Keating* v. *Fuller,* supra, it was held: "The court of chancery has power to allow a reasonable fee to the attorney of the complainant in a partition suit, to be paid out of the proceeds of the sale of the estate. The case of *Neal* v. *Neal,* 140 *Ga.* 734 (79 S. E. 849), was a statutory proceeding for the partition of land; and in such proceeding the general equitable doctrine can not be invoked in aid of a judgment awarding costs to the applicant or plaintiff, in the absence of statute." It was pointed out that "The ground alleged as a basis of jurisdiction of the court of equity

was asserted for the common benefit of all the tenants in common. This court has adjudicated that the appointment of a receiver to protect, preserve, and sell the real estate was necessary. It is true that some of the cases cited in support of the ruling in *Neal* v. *Neal* (for instance Coles *v.* Coles, 13 N. J. Eq. 365) were cases in equity, but this is not conclusive upon the question presented by this record. The *Neal* case is authority for the proposition that a general equitable doctrine can not be invoked in support of a judgment for costs in a proceeding at law, in the absence of statute. The *Neal* case is not, however, authority for the proposition that a general equitable doctrine can not be invoked in support of a judgment for costs, including the fee of counsel for the plaintiffs, in an equity suit. . . The Code does not in terms provide for the payment of fees to counsel for plaintiffs in an equitable partition proceeding. But this failure can not be taken as a denial of the general power of the chancellor to make an allowance of fees out of the common fund to the attorney for plaintiffs in an equity case, whether the case be one for partition of land or for the administration of a fund for the benefit of more than a single creditor."

The court went ahead to point out that it did not follow that in every equitable partition proceeding such fees are to be so allowed from the common fund, recognizing that in all equitable cases where these questions arise the judge sitting in equity may use a very wide discretion and consider what is just and proper in the particular case before him, realizing that if he does not act arbitrarily his discretion will not generally be disturbed. *United States Fidelity &c. Co.* v. *Clarke,* 187 *Ga.* 774, 794 (2 S. E. 2d, 608) ; *Greyling Realty Corporation* v. *Lawson,* 179 *Ga.* 188 (175 S. E. 453) ; *Keating* v. *Fuller,* supra; *Peppers* v. *Cauthen,* 143 *Ga.* 229, 234 (84 S. E. 477) ; *May* v. *Chero-Cola Co.,* 168 *Ga.* 443 (148 S. E. 87) ; *Farnsworth* v. *McPherson,* 147 *Ga.* 384 (94 S. E. 220). The ruling in the *Keating* case, supra, has been referred to approvingly in *May* v. *Chero-Cola Co.,* supra. This it seems would clearly establish the power, as indeed it has in so many words, for the court in a proper case, under the general equitable doctrines referred to, to make such an allowance. It does not *require* that the judge make an allowance in every case, but it does require that he exercise his discretion upon such an application, and if it

is found that from the efforts of counsel moving in behalf of his own client equitable processes of the court are brought into play and given effect, and that as the result the court takes jurisdiction for administration of a fund from which all of the parties benefit, the judge should on such application make a reasonable award to be assessed, just as in the present instance the fees of the receiver were assessed, against the whole fund. What has been said is apart from the question whether or not the present case should really be limited in characterization as an equitable partition only, or whether it might be considered as a general equity case with partition incidentally involved. It really sought, and what it really had allowed, was the exercise of equitable jurisdiction of the assets, on the claim that one of the defendants had placed himself in the position of executor de son tort, and that there was no duly accredited representative of the estate attempting to administer it in any way under the court of ordinary. See, in this connection, Code, § 85-1501, and *Smith* v. *King,* 50 *Ga.* 192 (3), where it was held: "When the title to land is in tenants in common, and their several interests have become complicated and cannot be definitely ascertained and set apart at law, equity will entertain jurisdiction to adjust by one decree the rights of all."

One of the cases relied upon by defendants in error is *Hines* v. *Brunswick & Albany Railroad Co.,* 50 *Ga.* 563, where it was said in a creditor case, in reference to the application of certain attorneys who had been paid other compensation: "It would be going very far to say that the solicitor for one or two creditors who file a creditor's bill, no matter what is the amount of the claim they represent, or the fund that may be finally distributed, can not only contest the right of other creditors to a participation, but after a protracted litigation, joined in by all of the creditors, by which the fund is finally brought into court for distribution, may assert that they are entitled to compensation out of the whole fund in proportion to its amount, and the amount of litigation that has grown out of the case." The court there, however, was not undertaking, we think, to qualify the general doctrine in equity which gives very broad powers to the trial judge. It was said in *Porter* v. *Stewart,* 163 *Ga.* 655, 661 (137 S. E. 28), after referring specifically to the ruling in the *Hines* case, supra: "And while, if the amount claimed by the plaintiff in the court below alone was con-

sidered, the amount of the fee finally allowed would be excessive, we think that both the amount of the funds brought into court and the amount of the finding in favor of the original plaintiff should be considered. The intervenors have had the priority of their assignments established and have procured an order and judgment bringing in some $8000 to be paid into the registry of the court. The court had the pleadings and the evidence, and knew the amount of labor imposed upon counsel who had obtained these results, and the character of the service; and we can not say that the judge abused his discretion in making the allowance of attorney's fees and costs." The decision in *Peninsular Naval Stores Co.* v. *Culbreth*, 162 *Ga.* 474 (134 S. E. 608), took from and approved once more the ancient rule in equity, announced in *Pearce* v. *Chastain*, 3 *Ga.* 226, 230 (46 Am. D. 423), to the effect that "Costs in chancery do not always follow the event of the suit, but are awarded according to the justice of the cause. They rest in the sound discretion of the court, to be exercised upon full view of all the merits and circumstances of the case." In *Buttrill* v. *Buttrill*, 179 *Ga.* 759, 763 (177 S. E. 576), the court was dealing with the assessment of counsel fees in the administration of the assets of a partnership dissolution; and it was there said: "But, so far as the consolidated action sought and obtained relief in accordance with the common prayers, the reasonable and necessary expenses should be paid from the partnership assets, if any, as between the parties to such petition. The present case differs on its facts from *Alexander* v. *Atlanta & West Point Railroad Co.*, 113 *Ga.* 193 (38 S. E. 772, 54 L. R. A. 305), but much that was said in that decision is directly applicable to the case in hand. A suit for dissolution of a partnership is similar to an action for partition of land; and where a suit for the latter purpose is brought in a court of equity, the court has power to allow a reasonable fee to the attorney for the complainant, to be paid out of the proceeds of the common estate. *Keating* v. *Fuller*, 151 *Ga.* 66 (3) (105 S. E. 844). See also *Peninsular Naval Stores Co.* v. *Culbreth*, 162 *Ga.* 474 (134 S. E. 608); Capuccio *v.* Caire, 207 Cal. 200 (277 Pac. 475, 73 A. L. R. 8)."

While the question of counsel fees was not passed upon in *Cates* v. *Duncan*, 181 *Ga.* 686 (183 S. E. 797), it was pointed out in order to describe the character of the case under consideration "The pe-

tition not only embraced a statutory application for partition (*Cates* v. *Duncan,* 180 *Ga.* 289, 179 S. E. 121), but it prayed also for an accounting from cotenants for rents and profits, thus presenting a case in equity. Code of 1933, § 37-301; *Andrews* v. *Murphy,* 12 *Ga.* 431 (4); *Huff* v. *McDonald,* 22 *Ga.* 131 (68 Am. D. 487); *Drew* v. *Drew,* 151 *Ga.* 11 (105 S. E. 469); *Keating* v. *Fuller,* 151 *Ga.* 66 (105 S. E. 844)." Another case relied upon by counsel for defendant in error is *Buckwalter* v. *Whipple,* 115 *Ga.* 484 (41 S. E. 1010); but in that case it appears the party bringing the fund into court, out of which the award was sought, was required to yield his claim and interest in the fund to another holding a superior claim, and who, it was pointed out, not only did not profit from the receivership, but would have been better off without it. *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005), is another case cited. There it was held: "No party is entitled to such an allowance out of the proceeds of property which he, for his exclusive benefit and to the injury of his adversary, causes to be placed in the hands of a receiver; nor can any party, except in cases of bad faith, stubborn litigiousness, and the like, charge against the opposite party as 'costs' attorney's fees incurred in litigation." But it was pointed out: "Compensation for services rendered in placing a fund where the court can administer it may fairly be regarded as an expense chargeable to those among whom it is distributed. The only just and reasonable basis for paying out of money brought into court the fees of the attorneys by whose services this result was produced is, that by rendering those services they did something of value to the successful claimant or claimants of the money. If the attorney of one creditor brings into court a fund, and thus aids other creditors of the same debtor in reaching his assets, the client at whose expense such attorney was engaged is entitled to reimbursement out of the fund; for in this way all the beneficiaries are made to share equitably and ratably in an expense which should be common to them all." See *City of Atlanta* v. *Screws,* 194 *Ga.* 214 (21 S. E. 2d, 424). This, it seems to us, accords with what we have said in the earlier part of this opinion, to the effect that the judge had the right to charge the fund under administration. We thus reach the conclusion that the judge, by erroneously determining that he was without power to consider the claim of the plaintiff

for the use of his counsel as against the whole fund, deprived the plaintiff of a right to which in an equitable case he was entitled, to wit, that his claim be *considered*. Accordingly the judgment is
*Reversed. All the Justices concur.*