MORGAN & McFARLAND *v.* FIDELITY & DEPOSIT COMPANY OF BALTIMORE *et al.*

1. Where in an equity cause the plaintiff was entitled to an allowance of counsel fees as expenses incurred by him in bringing a fund into court, and the court duly adjudged that a specified sum be paid to his attorneys

of record for their services in this behalf, this court will not in any event. reverse a judgment subsequently rendered, refusing an additional allowance of fees for such services to another attorney of the plaintiff, unless it plainly appears that the discretion of the court in rendering such judg- ment was abused.

2. It does not, in the light of the present record, appear that the judgment now complained of was in any respect erroneous.

Argued June 29, — Decided July 20, 1897.

Petition for fees.    Before Judge Felton.    Bibb superior court. April term, 1896.

*Anderson & Anderson* and *Minter Wimberly*, for plaintiffs.

*Washington Dessau, Bacon, Miller & Brunson* and *Hall & Hardeman*, contra.

COBB, J.    It appears in the present case, that there was an equity proceeding under which a fund was brought into court for distribution ; that the court had under consideration the matter of the allowance of counsel fees as expenses incurred by the plaintiffs in bringing the fund into court, and had adjudged that they were entitled to such expenses, and a decree had been rendered that certain amounts should be paid to the attorneys who appeared of record as their counsel.    So far as the record shows, the amount fixed was, in the judgment of the court, reasonable and sufficient remuneration for the entire services rendered in the matter of bringing the fund into court. Subsequently other attorneys, who had not appeared of record in the case, but who claimed to be original counsel for the plaintiffs, made application for an allowance of fees.    Their clients united with them in this application.

It was within the discretion of the judge to reopen the question of allowance of expenses, and if the amount already allowed was not sufficient remuneration for the services rendered, to allow the plaintiffs an additional amount as counsel fees. Where the judge, as he did in this case, after hearing all of the evidence, declined to reopen the matter, and refused to allow additional fees, this court will not interfere, unless it plainly appears that he abused his discretion.    In the light of the facts which are contained in the record, we can not say that there has been any abuse of discretion in this case.    Ample opportunity to be heard was given the plaintiffs when the matter of

counsel fees was before the court in the first instance; and if they failed at that time to secure an allowance sufficient to pay all of their counsel, the loss must fall upon them, if their counsel are not fully remunerated. Counsel have no inherent right in such a case to demand an allowance of fees. The right is in the client to appeal to the court for the allowance of an amount sufficient to pay the expenses which he has incurred. The neglect of the client to call the attention of the court to all of the facts at the proper time would not deprive the counsel of his right to fees, as against his client, but would deprive the client of the right to have reimbursement out of a fund from which he could have been reimbursed if he had made application at the proper time and in the proper manner.

*Judgment affirmed. All the Justices concurring.* ·