GREYLING REALTY CORPORATION *et al. v.* LAWSON *et al.*

No. 10012. JULY 13, 1934.

*Anderson, Cann & Cann, Richards, Laylon & Finger, E. G. Davis, Harold Hirsch,* and *Marion Smith,* for plaintiffs in error.

*Pearce Matthews, Little, Powell, Reid & Goldstein, Spalding, MacDougald & Sibley, K. A. Campbell, Etheridge, Belser & Etheridge, J. H. Therrell,* and *J. K. Rankin,* contra.

BELL, J. This was an equity case in which receivers were appointed at the instance of parties represented by the law firm of Little, Powell, Reid & Goldstein of Atlanta. Pearce Matthews, a member of the Atlanta bar, was appointed by the court as attorney for the receivers, William Matthews and Henry B. Troutman. The petition was filed on May 1, 1933, at which time Matthews and Troutman were appointed as temporary receivers. On July 29, 1933, the court entered a decree by consent, adjudicating a number of matters including permanency of the receivership. On September 15, 1933, on proper applications, Judge Howard, of the Atlanta circuit, entered an order allowing fees to the attorneys for the plaintiffs, to the attorney for the receivers, and to the receivers themselves, in sums respectively stated. Certain of the defendants excepted to this order, contending that the allowances were grossly

excessive and should be reduced. Thus, the only question presented in this court was whether the fees were reasonable. The order of Judge Howard to which exception was taken contains a statement of the case, together, of course, with the amounts awarded, but it also gives a brief history of the proceedings, with the reasons for his judgment; and it is valuable in this connection to quote the order in full, which we do as follows:

"Mrs. Lula Lawson et al. *v.* Greyling Realty Corporation et al. No. 97948, Fulton superior court. This matter came on for hearing, on September 5th, 1933, by agreement of the parties, on applications for the payment of fees to counsel for the plaintiffs, to the receivers, to counsel for the receivers, and to counsel for some of the defendants. After the introduction of a large volume of both oral and documentary evidence, and after hearing from all the parties then before the court, decision was reserved in order to afford other parties an opportunity to be heard. It now appears that all parties having any interest in the matter have been fully heard.

"The temporary receivers took charge of and took over the management and control of assets, which the evidence shows to have had a value of several million dollars, and which assets were composed of several hundred separate parcels of improved real estate, some of which were owned outright by Greyling Realty Corporation, either in its own name or in the name of subsidiaries or agents, and some of which were encumbered by mortgages or security deeds held by various banks in other States, but a large portion of which was encumbered by security deeds which were held by Manufacturers Trust Company in New York, as trustee for the holders of bonds of the Mortgage Guarantee Company of America. All parties at interest consented to an interlocutory decree, and later consented to a final decree making the receivership permanent. The report of the receivers shows that although they greatly reduced the expenses and costs of the management of these properties, they increased the income from the properties more than $6000 per month; and that with the help and co-operation of counsel for the receivers and of counsel for the plaintiffs they have arranged for the servicing and management of these properties by a corporation organized for that purpose. The decree directs the disposition not only of the income, but also directs the liquidation of the properties themselves, and the application of rents to the payment of taxes

on the properties and to the payment of principal and interest on the mortgages or security deed held by Manufacturers Trust Company and others on a large portion of the properties.

"It further appears from the evidence that while the attorney for the receivers has performed many specific duties, that he has also, throughout the conduct of this case, by reason of his complete knowledge of the affairs of the various defendant companies, been of invaluable service, constantly consulted by all parties; and that the framing of the final decree which was consented to by all parties, and the making of the contract by the receivers for the servicing and management of the properties in the receivership, have, to a large extent, been made adaptable to the peculiar relations between the various corporations, and comprehensive as to all the assets, through his efforts and advice. The estate is a large one, and under the consent decree involves properties having value in excess of $3,000,000. The questions involved in its equitable liquidation are numerous and complicated. Unusual legal skill and knowledge were required both in the bringing of the original bill and in the framing of decrees which protect the interests of the parties involved and permit an equitable adjudication of complicated questions affecting large interests. Reasonable compensation for the services performed would involve the allowance of more substantial fees than are at this time allowed, the court being of the opinion that the fees now to be paid should be confined to a fund which remains in the hands of the receivers, undistributed. While the court has the right, by express provision of the decree, to tax other funds with the costs and expenses of the receivership, the court will not at this time do so, but will confine the present allowance of fees to the above-mentioned undistributed fund, which, after reserving a sufficient amount thereof with which to pay all court costs, is still sufficient to pay the following fees, which are hereby allowed: To Little, Powell, Reid & Goldstein, as attorneys for the plaintiffs bringing the original bill, to be applied on account, the sum of $17,500.00. To Pearce Matthews, as attorney for the receivers, to be applied on account, $7,000.00. To William Matthews and Henry B. Troutman, as receivers, in full of their services as such up to the date of the final decree of August 9, 1933, each $7,000.00. The receivers are authorized and directed, therefore, to make the foregoing payments, which are as-

sessed against the defendant Greyling Realty Corporation, in accordance with the aforesaid final and consent decree of August 9th, 1933."

The bonds held by the plaintiffs amounted to only $2000, but other bonds resting upon the same security and held by persons situated similarly to the plaintiffs aggregated some $10,000,000; and the suit was brought for the benefit of all the bondholders. It is conceded by counsel for the plaintiffs in error that fees were allowable in some amounts, but it is insisted that the amounts awarded are unreasonable and excessive under the circumstances. They contend that the value of the assets to be considered was nothing like the amount stated in the judge's order, and was not in excess of $200,000; that the receivership was of no benefit to any party at interest, but was in fact a detriment to those for whose alleged benefit the assets were impounded; that the services rendered respectively did not involve any unusual ability or skill; and that for these and other reasons the judge abused his discretion in determining the amounts to be awarded. We do not undertake to state the contentions of the plaintiffs in error in every detail, nor do we deem it necessary to give the history of the case beyond what is stated in the order of the judge. The order speaks for itself, and shows upon its face that the fees awarded were in each instance reasonable, if the conclusions stated therein were supported by the evidence heard. We have carefully examined the record, including what is stated in the bill of exceptions, and we can not say as a matter of law that the trial judge was wrong in any conclusion reached. We shall not discuss the evidence minutely for the purpose of demonstrating that the judgment should be affirmed. From the factual standpoint, the record presents nothing of unusual interest, and the only question of law involved is whether the trial judge abused his discretion.

In Stuart v. Boulware, 133 U. S. 78 (10 Sup. Ct. 242, 33 L. ed. 568), the court had the following to say concerning the question of compensation to be allowed to a receiver: "The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs entrusted to him, and the perplexity and difficulty involved in that management. Like all questions of costs in courts of equity, al-

lowances of this kind are largely discretionary, and the action of the court below is treated as presumptively correct, 'since it has far better means of knowing what is just and reasonable than an appellate court can have,' as was remarked by Mr. Justice Bradley in Trustees v. Greenough, 105 U. S. 527, 537 [26 L. ed. 1157], where the subject is considered." Like considerations are necessarily involved in determining the amount of compensation to be awarded to attorneys for petitioners in a class receivership case, and to the attorney or attorneys for the receivers. In appraising the value of the services of plaintiffs' counsel, a number of things should be taken into consideration, including the amount of the indebtedness to the plaintiffs and other creditors, the value of the assets or funds brought into court by the services of the attorneys, the intricacy of the facts and circumstances and of the legal questions involved, the degree of professional skill and ability required and exercised, the time and labor necessarily expended, and the benefit to the plaintiffs and the class represented. 6 C. J. 750; 2 R. C. L. 1059. In a case of this sort, the attorneys for the plaintiffs should be paid an amount representing the actual worth of their services, not only to their immediate clients but to others in like situation. *Keating v. Fuller,* 151 *Ga.* 66 (105 S. E. 844); *Price v. Cutts,* 29 *Ga.* 142 (74 Am. D. 52); *Peppers v. Cauthen,* 143 *Ga.* 229 (84 S. E. 477); *May v. Chero-Cola Co.,* 168 *Ga.* 443 (148 S. E. 87); Central Railroad &c. Co. v. Pettus, 113 U. S. 116 (5 Sup. Ct. 387, 28 L. ed. 915).

The Civil Code (1910), § 5488, provides as follows: "In all cases where a receiver is appointed under the laws of this State to take charge of the assets of any person, firm, or corporation, and a fund is brought into court for distribution, the court having jurisdiction thereof shall award to counsel filing the petition and representing the moving creditor or creditors, out of the fund, no greater sum as fees for services rendered in filing such petition and bringing the fund into court than such services are actually worth, taking as a basis therefor the amount represented by such counsel in the original petition, and the assets brought into the hands of the receiver by the services of such counsel, not including the assets turned over to the receiver by defendants under order of the chancellor." This section merely states "a basis," and does not exclude the consideration of other things which must be material in deter-

mining what the services are "actually worth." The proper construction of the phrase, "not including assets turned over to the receiver by defendants under order of the chancellor," is that it refers to assets other than those "brought into the hands of the receiver by the services of such counsel." The statute must be given this construction; otherwise the two expressions as to the "assets" to be considered would be so antagonistic as to nullify each other. In a given case, defendants might be possessed of assets of which the plaintiffs and their counsel were entirely ignorant and which were therefore not within the contemplation of the petition. In that case the assets would not have been "brought into the hands of the receiver by the services of such counsel." In the present case it appears that practically, if not all, of the property and funds in the hands of the receivers were clearly within the contemplation of the petition, and were thus brought into court "by the services of such counsel."

We have stated some of the things to be considered in arriving at the "actual worth" of the services of counsel for the plaintiffs. Certain of these matters would, of course, not be pertinent in fixing the compensation of the attorney for the receiver; but with these eliminated, the compensation of the receivers' attorney should be determined upon the same general principles. By a statute in this State, the judge is limited in certain cases to a scale of fees to be allowed to a receiver. Civil Code (1910), § 5489. If such statute and scale are applicable in this case, the judge did not exceed the limitation so fixed, if he was correct in his conclusions as to the value of the assets; and we can not say that his finding was erroneous in that respect. All of his findings are supported by the record. The range of the discretion to be exercised by him in view of the facts was very broad, and this court would not be authorized to disturb his judgment unless a gross abuse of discretion is made plainly to appear. *Morgan* v. *Fidelity & Deposit Co.,* 101 *Ga.* 389 (28 S. E. 857). No matter what amounts he might have settled upon, if he did not exceed the range in which there could be room for reasonable and experienced minds to differ, this court could not declare an abuse of discretion. Cf. Wallace *v.* Franz, 66 Fed. (2d) 457; Taylor *v.* Scarborough, 66 Fed. (2d) 589. The several sums awarded in this case appear large when compared with nothing, but the percentage is small when compared with millions. We can

not agree that none of the class represented by the plaintiffs were benefited. On the other hand the judge was authorized to find that they were greatly benefited. It would be impossible to reverse or modify the judgment without invading the province of the trial judge to conclude matters presented to him on pure issues of fact.

One of counsel for defendants in error has suggested the propriety of awarding damages against the plaintiffs in error as having brought the case to this court for delay only. While the writ of error is without merit, we can not conclude that the case was brought here for delay only.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness, and Atkinson, J., disqualified.*