BANK OF PINEHURST, TRUSTEE AND INDIVIDUALLY, ET AL., IN BEHALF OF
THEMSELVES AND OTHER INTERESTED CREDITORS OF THE MID-PINES COUN-
TRY CLUB, INCORPORATED, v. MID-PINES COUNTRY CLUB, INCORPO-
RATED, AND F. R. CRUIKSHANK & COMPANY.

(Filed 22 May, 1935.)

**Receivers G b—Holder of conditional sales contract against insolvent
held liable for pro rata part of expenses of receivership.**

The assets realized by the receiver of defendant insolvent were derived
from the sale of realty, the sale of personalty upon which appellant had
a conditional sales contract, and the sale of other personalty of the
insolvent. The court entered an order allowing the receiver to retain his
fees and expenses, including fees for the attorney of the receiver, pro rata
from the three funds. *Held:* The holder of the conditional sales contract,
having received the benefits of the receivership in common with other
creditors, and the fees and expenses of the receiver being reasonable and
just, cannot complain that a pro rata part thereof was retained out of the
fund realized from the sale of the personal property covered by the condi-
tional sales contract.

APPEAL from *Clement, J.,* at December Term, 1934, of MOORE.
Affirmed.

This action was instituted in behalf of the creditors of the defendant
Mid-Pines Country Club, Incorporated, wherein a receiver was ap-
pointed and upon the various reports of the receiver the court entered
judgment, from a portion of which the defendant F. R. Cruikshank &
Company appealed.

*U. L. Spence and W. B. Sabiston, Jr., for Mid-Pines Country Club
and L. L. Biddle, II, receiver, appellees.*

*Cochran & McCleneghan for F. R. Cruikshank & Company, appellant.*

SCHENCK, J. There appears in the record the following consent
order:

"December Term, 1934.

"In this cause the defendant F. R. Cruikshank & Company, having
appealed to the Supreme Court from that portion of the final decree
adjudicating that said defendant pay a part of the costs and receiver
fees and attorney for receiver fees, it is by consent of parties, but with-
out prejudice to any of the parties, considered and adjudged that the
said receiver, nevertheless, disburse all the moneys in his hands under
the terms of said decree, except that he will retain in his hands, subject

to the future order of the court, $800.00 of the funds belonging to the proceeds arising from sale of real estate to await the result of such appeal.                                        J. H. CLEMENT, *Judge Presiding.*

"Consent:   U. L. SPENCE, *Attorney for Plaintiffs.*
            "F. A. McCLENEGHAN, *Attorney for F. R. Cruikshank &
            Company.*"

The appellant makes but one assignment of error, as follows:
"The defendant F. R. Cruikshank & Company, having appealed to the Supreme Court, makes as its only assignment of error the judgment entered, as appears in the record, and its objection and exception thereto."

The assignment of error, when read in the light of the consent order, presents but the single question as to whether the court had the right to provide in the judgment that a pro rata portion of the receiver's fees and expenses, including fees to his counsel, should be paid from funds derived from the sale of certain personal property of the defendant Mid-Pines Country Club, upon which the codefendant appellant F. R. Cruikshank & Company held a conditional sales contract.

It appears from the record that the receiver had in his hands from the sales of the various properties of the Mid-Pines Country Club, Incorporated, three funds, namely, $69,930 from real estate, and $10,000 from a sprinkler system on which the appellant held a conditional sales contract, and $10,000 from other personal property. It also appears from the record that the receiver had the care and custody of the real estate and personal property, including the sprinkler system, from the time of his appointment till the sale thereof, and that the duties of the receiver and his attorneys were well and faithfully performed. There is no suggestion in the record or brief that the allowances made to them are excessive or unreasonable. No assignment of error assails the receivership or any action of the receiver except his recommendation to the court that the expenses of the receivership be paid pro rata from the three funds mentioned. The receivership inured to the benefit of the appellant in proportion to its claim, just as it did to the other creditors of the insolvent Mid-Pines Country Club. Having received the benefits of the receivership, the appellant, according to law and equity, should pay its pro rata portion of the expense thereof. Under these circumstances, we hold that his Honor was clearly within his rights in authorizing the receiver to .retain his fees and expenses, including his attorney's fees, pro rata from the three funds in his hands. The principle upon which the case of *Kelly v. McLamb,* 182 N. C., 158, was

decided is applicable here, and is authority for that portion of the judgment of the Superior Court allowing a pro rata portion of the expense of the receivership to be taxed against the funds received from the sale of the personal property upon which the appellant held a conditional sales contract.

Affirmed.