34197.   BROYLES *v.* BAUMSTARK.

156

Decided November 8, 1952.

158

*Jack F. Broyles, Winfield P. Jones,* for plaintiff in error.

*Morris W. Macey, Noah J. Stone, Roger H. Bell, Andrew A. Baumstark,* contra.

SUTTON, C.J. By agreeing to accept the appointment if he

should be named as receiver by the court, Baumstark undertook certain obligations which are fixed by law and not by the alleged contract between the parties. Broyles contends that Baumstark violated his official duties, and so breached his contract, by transferring property of Georgia Home Equipment Company, worth $12,000, to himself in his capacity as receiver in bankruptcy for the corporation, without obtaining authorization from Fulton Superior Court for such action and without giving notice to Cremen or to his counsel, Broyles, and thereby defeated Broyles' right to a fee for his services rendered in filing the petition for the moving creditor in the receivership, under Code §§ 55-314 and 55-315.

Code § 55-314 provides: "In all cases where a receiver shall be appointed under the laws of this State to take charge of the assets of any person, firm, or corporation, and a fund shall be brought into court for distribution, the court having jurisdiction thereof shall award to counsel filing the petition and representing the moving creditor or creditors, out of the fund, no greater sum as fees for services rendered in filing such petition and bringing the fund into court than such services shall be actually worth, taking as a basis therefor the amount represented by such counsel in the original petition, and the assets brought into the hands of the receiver by the services of such counsel, not including the assets turned over to the receiver by defendants under order of the court." The final proviso of Code § 55-315 is as follows: "Provided further, that in all cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth."

Broyles contends that he was deprived of his right to an attorney's fee for bringing the corporate assets into court, or at least was deprived of the amount of the corporate assets as a basis for the fee which should have been awarded to him under the Code sections quoted above. But he does not allege what fees, if any, were actually allowed to him out of the proceeds of the sale of Bernstein's home, which was alleged to have been worth $3800 more than the amount of the loans secured by it, after one loan deed of $7000 was canceled on

November 5, 1951. Cremen's judgment, upon which $2250 with interest remained due, was paid out of this fund, leaving an amount more than sufficient to pay the attorney's fee of $750 claimed in the present suit, if the house sold for what it is alleged to have been worth. Whether or not Broyles claimed or was awarded an attorney's fee out of this fund is not alleged.

Baumstark as a receiver was primarily accountable to the court appointing him. "The receiver is an officer and servant of the court appointing him, is responsible to no other tribunal than said court, and must in all things obey its direction." Code, § 55-309. "The receivers so appointed shall discharge their trust according to the orders or decrees of the courts appointing them, and are at all times subject to their orders, and may be brought to account and removed at their pleasure." § 55-307. A receiver cannot, as here alleged, place the property in his possession beyond the jurisdiction of the court with no authority for doing so and thereby free himself from accounting to the court appointing him for the funds entrusted to him, at least to the extent of claims outstanding against the fund, such as Broyles' claim to counsel fees for bringing the fund into court. *Tindall* v. *Nisbet*, 113 *Ga.* 1114 (39 S. E. 450, 55 L.R.A. 225). Baumstark is alleged to have been under bond as receiver in the superior court, and it is not alleged that he has been discharged or has finally accounted to the court appointing him, or that the case has been finally disposed of, or that Broyles was not awarded a counsel fee in the case, or that the judge of the superior court failed to take into consideration the amount of the corporate assets brought into court in awarding a counsel fee, if such fee has been awarded to Broyles. While official misconduct of the defendant receiver is alleged, the alleged contract sued upon was not a bond for the proper performance of the receiver's duties.

Furthermore, the award of an attorney's fee is a matter in the discretion of the court in which the receivership is obtained. *Price* v. *Cutts*, 29 *Ga.* 142 (3) (74 Am. Dec. 52); *Greyling Realty Corp.* v. *Lawson*, 179 *Ga.* 188 (175 S. E. 453). The plaintiff is not entitled, under the facts alleged in this case, to obtain a collateral determination, by a jury in an action at law in another court upon a contract "to remain as receiver until

the final disposition of the case," of what the equity court appointing the receiver might have awarded the plaintiff as a reasonable attorney's fee for his services rendered in the receivership proceeding. The Superior Court of DeKalb County did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Felton and Worrill, JJ., concur.*