26074.  FIRST FEDERAL SAVINGS & LOAN ASSOCIATION
OF GAINESVILLE v. STEPHENS, Receiver, et al.
26083.  GAINESVILLE NATIONAL BANK v.
STEPHENS, Receiver, et al.
26084.  DAVIS-WASHINGTON LUMBER COMPANY, INC.
v. STEPHENS, Receiver, et al.
26101.  WALLIS LAND COMPANY v. STEPHENS,
Receiver, et al.

UNDERCOFLER, Justice.  The First Federal Savings & Loan Association and Davis-Washington Lumber Company each petitioned for the appointment of a receiver for R. M. Conner, Sr.
Contracting Co., Inc.  The trial court ordered the cases consolidated and appointed Olen L. Stephens, as receiver, and
Perry S. Oliver, as his attorney.  The Gainesville National
Bank and Wallis Land Co. intervened in the proceedings.
This appeal is from the trial court's award and apportionment
of fees to the receiver and his attorney.

The appellants contend that their claims were secured and were
recoverable by foreclosure proceedings.  Therefore, they received no benefit from the receivership and are not subject
to the costs thereof.  Certain appellants claim further that
the fees were excessive and that their apportionment among
only five secured creditors as well as the percentages thereof
was error.

R. M. Conner, Sr. Contracting Co., Inc. was engaged principally
in the business of developing real estate subdivisions, constructing houses thereon, and selling the same.  The receivership was involved and extended over more than three years.
The trial court found that, "Among other matters handled by
the receiver were the following: he obtained surveys; he negotiated proposed sales of vacant lots, of completed houses, of
houses in various stages of construction where they could not
be sold to better advantage at public sale; he negotiated
settlements with purchasers already under a variety of contracts with the debtor; he negotiated settlements with material
suppliers; he contracted with auctioneers; he arranged legal
and commercial advertising; he saw that properties held as
security were properly insured; he showed houses to prospective purchasers on Sundays and evenings; he negotiated tax
settlements where amounts were in dispute and negotiated

with governing authorities concerning rights of way and attended a wide variety of chores too numerous and burdensome to itemize here." The notices of appeal state that there is no transcript of the evidence and proceedings. *Held:*

We find no error. Appellants either initiated or voluntarily joined in the receivership proceedings and therefore cannot now assert that they received no benefit therefrom. *Lowry Banking Co. v. Abbott,* 87 Ga. 134 (1) (13 SE 204); *Garmany v. Lawton,* 124 Ga. 876 (5) (53 SE 669, 110 ASR 207).

*Code* § 55-315 sets forth a scale of fees for receivers but also provides "that in case the business of an insolvent person, firm, or corporation shall be continued and conducted by a receiver, the judge may allow compensation for such services in lieu of commissions as may be reasonable, not exceeding the compensation paid by persons in the usual and regular conduct of such business: Provided further, that in all cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth."

A determination of the questions as to the nature of the services and the excessiveness and apportionment of fees involves a consideration of the evidence. These matters rest largely in the discretion of the trial court and where no transcript of the evidence has been filed, as here, this court cannot say such discretion was abused. *Hall v. Stulb,* 126 Ga. 521 (55 SE 172); *Greyling Realty Corp. v. Lawson,* 179 Ga. 188 (175 SE 453); *Mendenhall v. Stovall,* 195 Ga. 492, 494 (24 SE2d 795); *Edwards v. United Food Brokers,* 196 Ga. 241 (2) (26 SE2d 348); *Rogers v. Taintor,* 199 Ga. 192 (3) (33 SE2d 708); *Giles v. Peachtree Pantries,* 209 Ga. 536 (74 SE2d 545).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1970—DECIDED NOVEMBER 5, 1970.

*Hammond Johnson, Jr.,* for First Federal.

*Smith, Smith & Lawson, R. Wilson Smith, Jr.,* for Gainesville Nat. Bank and Davis-Washington Lumber Co.

*Telford, Wayne & Stewart, Joe K. Telford,* for Wallis Land Co.

*Palmour & Palmour, J. E. Palmour, Jr.,* for Stephens.