MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAINTIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CONSOLIDATED INDUSTRIES, INC., AIRGLIDE, INC., AND W. HORACE LOWDER, DEFENDANTS; AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN *AD LITEM* FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTERREE, DAVID P. LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER CORNELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 8620SC939

(Filed 21 April 1987)

**Receivers § 12.1— allocation of receivership fees and expenses—no error**

The trial court did not err by allocating receivership fees and expenses among several corporations in the proportion that each corporation's net assets available for distribution to shareholders after liquidation bore to the total of that figure for all the corporations where, beginning with the initial order appointing the receivers, the corporate defendants were operated as one integrated business entity; the receivers apparently did not and could not assign each expense to specific corporations; Consolidated, which had only one asset, a farm which was leased to another defendant, was not charged with

any expenses prior to a liquidation order; Consolidated was required to pay only those expenses involved in liquidating and dissolving the corporations and was relieved from any disability for expenses incurred in either the tax disputes or in managing the other corporations; the total value of the assets of each corporation after liquidation and payment of liabilities is a reasonable indication of the amount of time and effort expended for that corporation while in receivership; and defendants did not show that the application of the trial court's formula will subject any corporation to a burden out of proportion to the benefit it received.

APPEAL by defendants from *Seay, Judge.* Order entered 3 June 1986 in Superior Court, STANLY County. Heard in the Court of Appeals 4 February 1987.

This appeal concerns the allocation of liability for receivership fees and expenses among several corporations subject to the receivership. This litigation began on 11 January 1979, both as a shareholder's derivative suit on behalf of All Star Mills, Inc. (Mills), Lowder Farms, Inc. (Farms), and their subsidiary companies, and as an individual action against W. Horace Lowder. Plaintiffs' complaint alleged, in part, that W. Horace Lowder misappropriated corporate opportunities for his own benefit by wrongfully diverting assets of Mills and Farms to other corporate defendants. On 9 February 1979 the trial court appointed two temporary receivers to manage the Lowder family corporations, including Mills, Farms, Consolidated Industries, Inc. (Consolidated), All Star Foods, Inc. (Foods), All Star Industries, Inc. (Industries), and Airglide, Inc. (Airglide). Airglide was later discharged from the receivership. The court also enjoined W. Horace Lowder from interfering with the receivers. That order was upheld on appeal. *See Lowder v. All Star Mills, Inc.,* 301 N.C. 561, 273 S.E. 2d 247 (1981).

After a jury verdict for plaintiffs on 25 January 1984, the trial court imposed a constructive trust in favor of Mills on the assets of Hatcheries, Foods, and Industries. Shortly thereafter, on 30 April 1984, the trial court made the receivership permanent and authorized the liquidation and dissolution of the corporations. That order was affirmed in *Lowder v. All Star Mills, Inc.,* 75 N.C. App. 233, 330 S.E. 2d 649, *disc. review denied,* 314 N.C. 541, 335 S.E. 2d 19 (1985). For additional background information and a more complete procedural history of this case *see also Lowder v. All Star Mills, Inc.,* 82 N.C. App. 470, 346 S.E. 2d 695 (1986);

*Lowder v. Doby*, 79 N.C. App. 501, 340 S.E. 2d 487, *disc. review denied*, 316 N.C. 732, 345 S.E. 2d 388 (1986); *Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 300 S.E. 2d 241, *disc. review denied*, 308 N.C. 387, 302 S.E. 2d 250 (1983); *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 300 S.E. 2d 230, *aff'd in part and rev'd in part*, 309 N.C. 695, 309 S.E. 2d 193 (1983).

On six occasions during the receivership, the trial court has approved various fees and expenses for the receivers and for the attorneys and accountants which they employed. Included among these fees and expenses are those incurred in the negotiation and settlement of tax disputes between the corporate defendants, excepting Consolidated and Airglide, and the Internal Revenue Service and the North Carolina Department of Revenue. Apparently, none of the fees or expenses approved have been paid.

On 3 June 1986 the trial court allocated the receivership's expenses. The order stated that those expenses incurred prior to the 30 April 1984 order be apportioned between Mills, Farms, Industries, Hatcheries, and Foods, but not Consolidated. The expenses incurred after 30 April 1984 were allocated among all the above corporations, including Consolidated. The court ordered that the expenses be allocated in the proportion that each corporation's net assets, available for distribution to shareholders after liquidation, bore to the total of that figure for all the corporations. From the order apportioning the receivership expenses, defendants appeal.

*Moore & Van Allen, by Jeffrey J. Davis, for the plaintiff-appellees.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz, by William C. Kluttz, Jr., for the receivers-appellees.*

*Boyce, Mitchell, Burns & Smith, by Lacy M. Presnell, III, for the defendant-appellants.*

*Hopkins, Hopkins & Tucker, by William C. Tucker, for the intervening defendant-appellants.*

EAGLES, Judge.

Defendants argue that the method the trial court used to allocate the receivership's expenses constitutes error. We disagree.

Those who benefit from the receivership should bear its expense and, where several parties benefit, the expense should be allocated in proportion to the benefit received. *See Bank v. Country Club*, 208 N.C. 239, 179 S.E. 882 (1935); *Graham v. Carr*, 133 N.C. 449, 45 S.E. 847 (1903). Because the benefit received from the receivers' services will largely depend on the facts in each case, the trial court has discretion in apportioning the expenses of receivership. *See Simmons v. Allison*, 119 N.C. 556, 26 S.E. 171 (1896); *First Federal Sav. & Loan Ass'n of Gainesville v. Stephens*, 226 Ga. 867, 178 S.E. 2d 170 (1970). After examining the record, we cannot say that the trial court abused its discretion in allocating the expenses based on the value of the net assets of each corporation after liquidation.

Defendants argue that the trial court's method, by itself, does not fairly and equitably determine the benefit received by each corporation. Instead, defendants contend, the method forces shareholders of those corporations whose assets and liabilities are more easily managed to pay an unfair portion of the receivership's expenses. Consolidated, for example, has only one asset, a farm which it leased to Hatcheries. Because of the simplicity of Consolidated's business activity, defendants state that the trial court's formula requires Consolidated's shareholders to pay for expenses which were actually incurred in managing the business affairs of those corporations with more complex operations. Consequently, defendants argue that each expense and fee should be separately attributed to the specific corporation(s) it benefited.

Those arguments, however, ignore the realities of the situation. Beginning with the initial order appointing the receivers, the corporate defendants were operated as one integrated business entity. As a result, the receivers apparently did not, and could not, assign each expense to specific corporations. In addition, the trial court's order did not charge Consolidated with any of the receivership's expenses incurred prior to the 30 April 1984 order. From what appears in the record, the order requires Consolidated to pay only those expenses incurred in liquidating and dissolving the corporations and relieves it from any liability for expenses incurred in either the tax disputes or in managing the other corporations.

Moreover, given that it was impossible, and perhaps even inappropriate, to allocate each particular receivership expense to

the particular corporation(s) which incurred it, the method employed by the trial court here is as fair and reasonable a method as the circumstances would allow. The receivers were initially charged with managing the various corporations. Subsequently, they were charged with the duty of liquidating and dissolving them. The total value of the assets of each corporation after liquidation and payment of liabilities is a reasonable indication of the amount of time and effort expended for that corporation while in receivership. Furthermore, defendants have not shown that the application of the trial court's formula will subject any corporation to a burden out of proportion to the benefit it received.

In the past, our courts have allocated the expense of receivership through a pro rata method designed to place liability in proportion to the benefit received. *See Bank v. Country Club, supra; Kelly v. McLamb,* 182 N.C. 158, 108 S.E. 435 (1921); *Graham v. Carr, supra.* Absent a showing by defendants that there is a better method of accomplishing that objective, that is also feasible, we cannot hold that the trial court abused its discretion.

Defendants' remaining assignments of error are without merit.

Affirmed.

Judges WELLS and GREENE concur.