A96A1427. SIMMONS v. BEARDEN.
(474 SE2d 250)

BLACKBURN, Judge.

J. E. Simmons filed the underlying action sounding in trover and seeking damages against his neighbor, Jimmy Bearden. Following a bench trial, the trial court awarded Simmons the return of his property but denied the damages and extraordinary relief requested. Simmons appeals the trial court's judgment asserting that the trial court erred in finding that he was required to identify his property and request its return prior to trial.

As the trial court was sitting as the trier of fact in a nonjury trial, its findings of fact are analogous to a jury verdict, and we will not disturb them if there is any evidence to support them. See *Hamil v. Stanford*, 264 Ga. 801, 802 (449 SE2d 118) (1994). The evidence presented at the bench trial revealed that Simmons and Bearden had engaged in disputes for, at least, the past ten years. On April 14, 1990, a Hereford heifer belonging to Simmons crossed through a broken fence line and wandered onto Bearden's land. Although Simmons

sent employees to talk to Bearden's father about retrieving the cow, neither Simmons nor any of his employees ever identified the cow or requested return of the cow directly to Bearden. Bearden's father suggested that Simmons make arrangements with the Marion County Sheriff to accompany Simmons onto Bearden's property to identify and retrieve the cow; however, such a meeting never took place. Instead, Simmons filed suit for return of the cow.[1] In a video-tape produced at trial, Simmons identified his cow on Bearden's property.

The trial court determined that Simmons' failure to identify the cow to Bearden and request its return prior to trial foreclosed his right to damages. Citing OCGA § 44-12-150, Simmons contends that he was not required to prove conversion where the defendant still maintained possession of the property. OCGA § 44-12-150 provides that "[i]n actions to recover the possession of chattels, it shall not be necessary to prove any conversion of the property if the defendant is in possession when the action is brought." However, in *Kornegay v. Thompson*, 157 Ga. App. 558, 560 (278 SE2d 140) (1981), we recognized that OCGA § 44-12-150 does not apply "where the property has been lawfully acquired by the defendant."

In the present case, the evidence supports the trial court's determination that defendant did not obtain Simmons' cow by an unlawful method. Therefore, as Bearden did not deny Simmons' averments of title, Simmons was required "to prove either actual conversion or a demand for return of the property and defendant's failure or refusal to redeliver." *Graham v. State Street Bank &c. Co.*, 111 Ga. App. 416, 418 (142 SE2d 99) (1965). Furthermore, as the evidence supports the trial court's determination that no demand for return of the cow or refusal to return the cow took place, the trial court did not err in determining that Simmons was required to prove conversion.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 23, 1996 —
RECONSIDERATION DENIED AUGUST 7, 1996.

J. E. Simmons, *pro se.*

*Denney, Pease, Allison & Kirk, John W. Denney, Elizabeth S. Morgan*, for appellee.

---

[1] The first suit filed was dismissed without prejudice shortly before trial.