A97A1412. SOMMERS v. STATE COMPENSATION INSURANCE FUND.
(494 SE2d 82)

BEASLEY, Judge.

Melanie Sommers sued several defendants to recover damages for injuries she sustained in an automobile accident. Because Sommers suffered these injuries during a business trip, State Compensation Insurance Fund ("SCIF") paid her workers' compensation benefits and moved to intervene in the suit, claiming a lien pursuant to OCGA § 34-9-11.1. The court allowed SCIF to intervene. A jury returned a special verdict for Sommers, awarding her $35,000 for past medical expenses, $176,000 for lost wages, $250,000 for pain and suffering, and $65,443 for future damages. The court entered judgment for Sommers against the tortfeasors, reserving for later determination the issue of SCIF's entitlement to the statutory lien.

Sommers filed a satisfaction of that judgment, then filed a notice of appeal from the order allowing intervention. Finding the notice an invalid attempt to appeal from a judgment that was not final, the trial court dismissed the notice of appeal and sanctioned Sommers' attorneys for filing it. The court then found the jury's award had "fully and completely compensated" Sommers and, pursuant to OCGA § 34-9-11.1 (b), entered final judgment for SCIF in the amount of its lien — $70,717.17. The judgment also apportioned attorney fees between counsel for Sommers and SCIF. Plaintiff Sommers appeals.

1. Without merit is Sommers' claim that the trial court erred by allowing SCIF to intervene in her personal injury action. OCGA § 34-9-11.1 (b) creates a subrogation lien on behalf of employers and insurers for amounts paid in workers' compensation and provides that "[t]he employer or insurer may intervene in any action to protect

and enforce such lien." Id. "[W]e interpret the statutory language at issue as granting [SCIF] the right to intervene if it chooses to do so. [Cits.]" *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 28 (464 SE2d 7) (1995).

Although Sommers argued that SCIF's motion to intervene was untimely, "whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court. [Cits.]" *AC Corp. v. Myree*, 221 Ga. App. 513, 515 (1) (471 SE2d 922) (1996). The expiration of the period of limitations is not a controlling factor, as the court explained in *Myree*. No abuse of discretion occurred.

2. Error is enumerated in dismissal of the first notice of appeal from the court's order of September 17, 1996, granting judgment for Sommers against the tortfeasors but reserving questions related to SCIF's lien. Sommers cites no authority supporting her position; the enumeration is patently without merit.

As intervenor, SCIF became a party to the case and asserted its claim to Sommers' recovery, a point made clear in the trial court's order allowing intervention. See generally *Larkin v. Laster*, 254 Ga. 716, 718 (3) (334 SE2d 158) (1985); *Woodward v. Lawson*, 225 Ga. 261, 262 (167 SE2d 660) (1969). That claim remained pending when Sommers filed her notice of appeal in October. "In a case involving multiple claims [or parties], a decision adjudicating fewer than all the claims [or parties] is not a final judgment. In such circumstances, there must be an express determination that there is no just reason for delay and express direction for the entry of judgment under OCGA § 9-11-54 (b) or there must be compliance with the certificate of immediate review requirements of OCGA § 5-6-34 (b). Where neither of these code sections is followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) *Hogan Mgmt. Svcs. v. Martino*, 225 Ga. App. 168, 169 (2) (483 SE2d 148) (1997). As the Supreme Court held in *Jones v. Singleton*, 253 Ga. 41, 42 (1) (316 SE2d 154) (1984), the trial court has authority to dismiss a notice of appeal filed from a non-final judgment. See also *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (1) (424 SE2d 33) (1992).

3. Sommers challenges the trial court's sanction for filing the improper notice of appeal. After a hearing, the court found Sommers' position that the September 17, 1996 order was a "final judgment" lacked "substantial justification." Although the order states that Sommers argued the order was "not" a final judgment, it is clear from the hearing transcript and the entire order that the addition of the negative was a typographical error. Apparently acting pursuant to OCGA § 9-15-14 (b), the court determined Sommers filed the notice of appeal from that order "for purposes of delay and harassment" and awarded SCIF's attorneys $825 in fees associated with their efforts to

dismiss the improper notice of appeal.

An award of attorney fees based on OCGA § 9-15-14 (b) may be reversed only if the trial court abused its discretion in making the award. *Santora v. American Combustion*, 225 Ga. App. 771, 774 (2) (485 SE2d 34) (1997). Shortly after Sommers filed the notice of appeal, SCIF moved to dismiss it, pointing to the fact that the order appealed from was not a final judgment. Instead of acknowledging its error, and dismissing the notice voluntarily, Sommers filed a written response to that motion and argued at the hearing but provided no authority suggesting the order was an appealable final judgment. Such circumstances warrant a finding of action without substantial justification and for purposes of delay only. *Santora*, supra.

The affidavit of one SCIF attorney showed $375 in fees related to this motion, and another SCIF attorney testified he spent $750 worth of time challenging the improper notice of appeal. The court was authorized to award $825 in fees as "reasonable and necessary" to defend against Sommers' improper action. OCGA § 9-15-14 (b); *Santora*, supra.

4. After determining Sommers improperly filed the notice of appeal, the court decided the issue it had reserved for later determination in its September 17, 1996 order: SCIF's entitlement to recover on its workers' compensation lien. The court found SCIF could recover because the jury's verdict "fully and completely compensated" Sommers for her economic and non-economic losses, as required by OCGA § 34-9-11.1 (b). The court awarded SCIF $70,717.17 in satisfaction of its lien.

(a) Sommers claims a jury, rather than the court, should have determined whether Sommers was "fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury." OCGA § 34-9-11.1 (b). Sommers waived any right she may have had to present this issue to a jury, even if ever there was such a right.

At the hearing on SCIF's motion to intervene, the court stated it planned to allow SCIF to intervene and asked the parties to fashion a procedure which would keep the jury from discovering SCIF had paid collateral benefits. Sommers' counsel told the court he believed the parties could work out a solution. Two weeks later, the court entered an order that allowed SCIF to intervene and provided: 1) that SCIF would not be named in the style of the case; 2) that Sommers would present to the jury "all available evidence" of her economic and non-economic damages; 3) that Sommers would do nothing in the trial to prejudice SCIF's lien; 4) that the jury would return a special verdict, separating the various special damages; 5) *that SCIF would present evidence to support its lien outside the presence of the jury*; and 6) that

Sommers would have an opportunity to raise objections and present evidence disputing the validity or extent of SCIF's claim. Beneath the heading, "Presented and Consented to by," SCIF's attorney signed the name of Sommers' attorney "with express permission." Sommers made no further objections to this order.

The parties later signed a pretrial order that makes no mention of any jury issue regarding SCIF's lien. After the jury returned its verdict and retired, the court allowed SCIF to present evidence supporting its lien. SCIF requested and received permission to present that claim at a future date. At no time did Sommers object to that request or suggest the jury had any further decisions to make. Her acquiescence in the trial court's procedure, her failure to request that the issue be presented to the jury, and her failure to object when the issue was not presented to the jury waive it and preclude its consideration on appeal. A party cannot complain of error resulting from its own conduct or tactics. *Harmon v. State*, 224 Ga. App. 890, 892 (1) (482 SE2d 730) (1997); see also *Martin v. Williams*, 215 Ga. App. 649 (2) (451 SE2d 822) (1994) (acquiescence in form of verdict and failure to raise request for bifurcation of trial waives issue on appeal).

(b) Relying on the jury's special verdict and the "record," the court found Sommers had been "fully and completely compensated" for her injuries. The trial court's findings of fact are analogous to a jury's verdict and will be upheld if there is any evidence to support them. *Simmons v. Bearden*, 222 Ga. App. 430 (474 SE2d 250) (1996). Sommers has not provided this Court with a trial transcript. It appears from the trial court's comments at the hearing that it relied on the trial evidence in making its determination. Therefore, we cannot say the trial court's ruling is not supported by evidence. See *Kim v. Tex Financial Corp.*, 223 Ga. App. 528, 529 (2) (479 SE2d 375) (1996) (enumerations of error dependent on review of transcript are waived where transcript not available to appellate court).

5. In her remaining enumeration, Sommers claims the court erred in its apportionment of reasonable attorney fees pursuant to OCGA § 34-9-11.1 (d) by failing to grant her attorneys a substantial fee from the amounts awarded to SCIF for its lien. In their motion before the trial court, Sommers' attorneys actually sought to have the trial court award them "100 percent of the attorney[ ] fees incurred in efforts to obtain the complete judgment including any portion thereof." In effect, they sought to deny SCIF's attorneys any fee whatsoever.

The statute provides: "In the event of a recovery from [the third-party tortfeasor(s)] by the injured employee . . . , the attorney representing such injured employee . . . shall be entitled to a reasonable fee for services; provided, however, that if the employer or insurer has engaged another attorney to represent the employer or insurer in

effecting recovery against [the tortfeasor], then a court of competent jurisdiction shall upon application apportion the reasonable fee between the attorney for the injured employee and the attorney for the employer or insurer in proportion to services rendered."

Based on the judgment for $526,443, the trial court found a reasonable fee for the services performed in obtaining the judgment to be $198,854.33. Of that total fee, it apportioned $175,305.51 to Sommers' attorneys and $23,548.82 to SCIF's attorneys based on services each rendered. These amounts reflect a fee of slightly less than one-third of the entire judgment for Sommers' counsel (33.33333 percent of $526,443 is $175,480.98), and slightly less than one-third of the lien award for SCIF's attorneys (33.33333 percent of $70,717.17 is $23,572.39). The court found that apportionment "reasonable in part due to the adversarial position taken by [Sommers] towards [SCIF] which sought to preclude any recovery [for SCIF]."

No cases have yet interpreted the attorney fees provision of OCGA § 34-9-11.1 (d). The trial court has discretion to apportion the award based on the evidence. See *First Fed. &c. of Gainesville v. Stephens*, 226 Ga. 867, 868 (178 SE2d 170) (1970), in which the court held that in apportioning fee awards between an attorney and a receiver under OCGA § 9-8-13, a trial court acts with discretionary authority. The evidence allowed the court to find that both Sommers and SCIF retained their attorneys to pursue their respective claims on a one-third contingency fee basis. SCIF's attorneys originally filed an independent suit against the tortfeasors and pursued recovery and later sought permission from Sommers' counsel to consolidate SCIF's case with Sommers' personal injury action. Sommers' counsel refused to agree to consolidation or intervention, forcing SCIF to seek the court's approval to intervene. Although Sommers' counsel claim SCIF's attorneys did nothing at trial, the record makes clear that the insurer did not participate in the trial at the express request of Sommers, who feared the jury would be prejudiced by the mention of a workers' compensation carrier. Based on the evidence showing Sommers' attorneys actively opposed SCIF's attempts to participate in the suit, and the fact that the awards to each group of attorneys approximate the one-third fee specified in their contracts, no abuse of discretion infected the fee apportionment.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 13, 1997 — ▮

*Savage, Herndon & Turner, Robert B. Turner, Thomas R. Taggart,* for appellant.

*Shur & McDuffie, Brett F. Shur, Austin & Sparks, John B.*

*Austin*, for appellee.

*Webb, Tanner & Powell, Ralph L. Taylor III*, amicus curiae.